1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

                              ----oo0oo----

11

12   AMERICAN FIRE & CASUALTY              NO. 2:20-cv-00116-WBS-
     COMPANY,                              KJN
13

                   Plaintiff,
14

          v.
15

     FORD MOTOR COMPANY, a Delaware
16   Corporation, and DOES 1 through
     25,
17

                   Defendants.
18

19

20

21   BYRON PAIZS,                          NO. 2:20-cv-00325-WBS-
                                           KJN
22                 Plaintiff,

23        v.

24   FORD MOTOR COMPANY, a Delaware
     Corporation, and DOES 1 through
25   25,

26                 Defendants.

27

28

1

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

On April 15, 2020, the court ordered that the cases captioned American Fire & Casualty Co. v. Ford Motor Co., No. 2:20-cv-00116-WBS-KJN ("American Fire Action") and Byron Paizs v. Ford Motor Co., No. 2:20-cv-00325-WBS-KJN ("Paizs Action") be consolidated pursuant to Federal Rule of Civil Procedure 42(a) for the purposes of fact discovery, expert discovery, and dispositive motion practice because the cases involve common questions of law and fact concerning claims for property damage as a result of a motor vehicle fire that occurred on November 10, 2016, involving a 2002 Ford F-150.  (See Case No. 2:20-cv-00116, Docket No. 17.)  The court further ordered the parties in both actions to meet and confer pursuant to Federal Rule of Civil Procedure 26, to submit one Joint Status Report, and to serve one set of Initial Disclosures.  (See id.)

The parties filed their Joint Status Report on October 13, 2020, and the court held a Status (Pretrial Scheduling) Conference on October 26, 2020.  (See Docket Nos. 21, 22.)  Based on the parties' Joint Status Report and discussions with counsel at the hearing, the court hereby makes the following findings and orders.

I.   SERVICE OF PROCESS

All defendants have been served, and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

II.  JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to

2

1   pleadings will be permitted except with leave of court, good

2   cause having been shown under Federal Rule of Civil Procedure

3   16(b).   See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604

4   (9th Cir. 1992).

5   III.  JURISDICTION/VENUE

6         Jurisdiction is predicated upon diversity jurisdiction,

7   28 U.S.C. § 1332, because these are civil actions between

8   citizens of different states where the amount in controversy

9   exceeds $75,000, exclusive of costs and interest.  Venue is

10  undisputed and hereby found to be proper.

11  IV.  DISCOVERY

12        The parties agree to serve the initial disclosures

13  required by Federal Rule of Civil Procedure 26(a)(1) on or before

14  November 9, 2020.

15        Plaintiffs shall disclose their experts and produce

16  reports in accordance with Federal Rule of Civil Procedure

17  26(a)(2) no later than October 13, 2021.  Defendant shall

18  disclose its experts and produce reports in accordance with

19  Federal Rule of Civil Procedure 26(a)(2) no later than December

20  13, 2021.

21        All fact discovery, including depositions for

22  preservation of testimony, is left open, save and except that it

23  shall be so conducted as to be completed by August 12, 2021.  The

24  word "completed" means that all discovery shall have been

25  conducted so that all depositions have been taken and any

26  disputes relevant to discovery shall have been resolved by

27  appropriate order if necessary and, where discovery has been

28  ordered, the order has been obeyed.  All motions to compel fact

1  discovery must be noticed on the magistrate judge's calendar in

2  accordance with the local rules of this court and so that such

3  motions may be heard (and any resulting orders obeyed) not later

4  than August 12, 2022.

5          All expert discovery, including depositions for

6  preservation of testimony, is left open, save and except that it

7  shall be so conducted as to be completed by February 17, 2022.

8  The word "completed" means that all discovery shall have been

9  conducted so that all depositions have been taken and any

10 disputes relevant to discovery shall have been resolved by

11 appropriate order if necessary and, where discovery has been

12 ordered, the order has been obeyed.  All motions to compel expert

13 discovery must be noticed on the magistrate judge's calendar in

14 accordance with the local rules of this court and so that such

15 motions may be heard (and any resulting orders obeyed) not later

16 than February 17, 2022.

17 V.   MOTION HEARING SCHEDULE

18         All motions, except motions for continuances, temporary

19 restraining orders, or other emergency applications, shall be

20 filed on or before March 10, 2022.  All motions shall be noticed

21 for the next available hearing date.  Counsel are cautioned to

22 refer to the local rules regarding the requirements for noticing

23 and opposing such motions on the court's regularly scheduled law

24 and motion calendar.

25 VI.  FINAL PRETRIAL CONFERENCE

26         The Final Pretrial Conference is set for May 23, 2022,

27 at 1:30 p.m. in Courtroom No. 5.  The conference shall be

28 attended by at least one of the attorneys who will conduct the

1    trial for each of the parties and by any unrepresented parties.

2           Counsel for all parties are to be fully prepared for

3    trial at the time of the Pretrial Conference, with no matters

4    remaining to be accomplished except production of witnesses for

5    oral testimony.  Counsel shall file separate pretrial statements,

6    and are referred to Local Rules 281 and 282 relating to the

7    contents of and time for filing those statements.  In addition to

8    those subjects listed in Local Rule 281(b), the parties are to

9    provide the court with: (1) a plain, concise statement which

10   identifies every non-discovery motion which has been made to the

11   court, and its resolution; (2) a list of the remaining claims as

12   against each defendant; and (3) the estimated number of trial

13   days.

14          In providing the plain, concise statements of

15   undisputed facts and disputed factual issues contemplated by

16   Local Rule 281(b)(3)-(4), the parties shall emphasize the claims

17   that remain at issue, and any remaining affirmatively pled

18   defenses thereto.  If the case is to be tried to a jury, the

19   parties shall also prepare a succinct statement of the case,

20   which is appropriate for the court to read to the jury.

21   VII. TRIAL SETTING

22          Pursuant to the oral agreement of all counsel, the

23   American Fire Action and the Paizs Action are hereby consolidated

24   for trial, subject to any subsequently noticed motion to sever.

25   The jury trial is set for July 26, 2022 at 9:00 a.m.  The parties

26   estimate that the trial will last 5-7 court days.

27   VIII.    SETTLEMENT CONFERENCE

28          A Settlement Conference will be set at the time of the

1  Pretrial Conference.  All parties should be prepared to advise

2  the court whether they will stipulate to the trial judge acting

3  as settlement judge and waive disqualification by virtue thereof.

4          Counsel are instructed to have a principal with full

5  settlement authority present at the Settlement Conference or to

6  be fully authorized to settle the matter on any terms.  At least

7  seven calendar days before the Settlement Conference counsel for

8  each party shall submit a confidential Settlement Conference

9  Statement for review by the settlement judge.  If the settlement

10  judge is not the trial judge, the Settlement Conference

11  Statements shall not be filed and will not otherwise be disclosed

12  to the trial judge.

13  IX.   MODIFICATIONS TO SCHEDULING ORDER

14          Any requests to modify the dates or terms of this

15  Scheduling Order, except requests to change the date of the

16  trial, may be heard and decided by the assigned Magistrate Judge.

17  All requests to change the trial date shall be heard and decided

18  only by the undersigned judge.

19          IT IS SO ORDERED.

20   Dated:  October 27, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

                                6